FILED
2011 Sep-30 PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ASHLEY J. MEZRANO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action Number** |
| | ) | |
| | ) | |
| **EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, and BANK OF AMERICA, N.A.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW the plaintiff, ASHLEY J. MEZRANO, by and through her undersigned counsel, and for her complaint alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for an actual, statutory and punitive damages, costs and attorneys' fees pursuant to 15 U.S.C. §1681, *et seq.* (Fair Credit Reporting Act).

## JURISDICTION & VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff is resident of the state of Alabama and resides within this judicial district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

6. Equifax Information Services, LLC ("Equifax") is a Georgia corporation with its principal place of business in the state of Georgia. Equifax does business in this judicial district.

7. Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. 1681a(f).

8. Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business in the state of California. Experian does business in this judicial district.

9. Experian is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. 1681a(f).

10. Trans Union, LLC is ("Trans Union") is a Delaware corporation with its principal place of business in the state of Illinois. Trans Union does business in this judicial district.

11. Trans Union is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. 1681a(f).

12. Upon information and belief, said CRA defendants regularly engage in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports as defined by 15 U.S.C. §1681a(f) to third parties.

13. Upon information and belief, said CRA defendants disperse such consumer reports to third parties of contract for monetary compensation.

14. Defendant, Bank of America, N.A. ("BOA" or "Furnisher"), is a national bank authorized to do business in this judicial district as a consumer credit card lender, with its principal place of business in the state of North Carolina.

15. BOA provides consumer credit information to CRAs, including Equifax, Experian and Trans Union.

## FACTUAL ALLEGATIONS

16. Defendants have been reporting derogatory and inaccurate information relating to Plaintiff and Plaintiff's credit history to third parties.

17. The inaccurate information includes, but is not limited to past due payment history and incorrect balance (hereinafter "the inaccurate information") regarding BOA account number ending in 7289 (hereinafter "the Account").

18. The inaccurate information negatively reflects on Plaintiff, her credit repayment history, financial responsibility as a debtor and her credit worthiness.

19. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors.

20. Plaintiff disputed the inaccurate information with Equifax, Experian, and Trans Union as early as October 2009.

21. Thereafter, Equifax, Experian and Trans Union sent Plaintiff written communications indicating their intent to continue publish and disseminate the inaccurate information.

22. Equifax, Experian and Trans Union published and disseminated credit reports regarding or relating to the plaintiff to third parties after her dispute. At least one of those credit reports included the inaccurate information.

23. Equifax, Experian and Trans Union did not request additional information from the plaintiff about her dispute.

24. Other than BOA, Equifax, Experian and Trans Union did not contact third parties that would have relevant information concerning Plaintiff's disputes.

25. Equifax, Experian and Trans Union did not forward any relevant information concerning Plaintiff's dispute to the entity(ies) originally supplying the inaccurate information.

26. Alternatively, Equifax, Experian and Trans Union forwarded a Consumer Dispute Verification ("CDV") concerning Plaintiff's dispute to the entities originally furnishing the inaccurate information.

27. The entity(ies) originally furnishing the inaccurate information provided the CRA defendants with a Universal Data Form ("UDF") regarding Plaintiff's dispute.

28. The CRA defendants did not request or obtain any credit applications, proof of payment, correspondence between BOA and Plaintiff, or other relevant documents from the entity(ies) furnishing the inaccurate information.

29. Plaintiff disputed the Account directly with BOA as early as March 2009.

30. BOA failed to conduct a timely and/or reasonable investigation of Plaintiff's disputes after being contacted by the Plaintiff or relevant CRAs, or both concerning Plaintiff's dispute.

31. BOA continued to report the Account to various CRAs, including Equifax, Experian and Trans Union, with a derogatory payment history after Plaintiff's dispute.

32. During the twelve (12) months preceding the filing of Plaintiff's Complaint, BOA failed to identify the Account as disputed to Equifax, or Experian, or Trans Union, or all three CRAs.

33. Defendants failed to perform reasonable investigations of the above disputes.

34. Defendants failed to remove the inaccurate information or Defendants failed to note the disputed status of the inaccurate information, or both.

35. Plaintiff filed a complaint with the Federal Trade Commission ("FTC") regarding the Account and inaccurate information.

36. Defendants have continued to report the derogatory inaccurate information about Plaintiff.

37. Upon information and belief, Equifax received information regarding and/or relating to the accuracy of information supplied by BOA in the two years preceding the date of Plaintiff's Complaint.

38. Upon information and belief, Experian received information regarding and/or relating to the accuracy of information provided by BOA in the two years preceding the date of Plaintiff's Complaint.

39. Upon information and belief, Trans Union has received information regarding and/or relating to the accuracy of information provided by BOA in the two years preceding the date of Plaintiff's Complaint.

40. Upon information and belief, BOA has received information regarding or related to the accuracy of information supplied by BOA to the CRAs in the two years preceding the date of Plaintiff's Complaint.

41. Equifax has received information from third parties, including but not limited to the Federal Trade Commission ("FTC") or Central Source, regarding or related to the accuracy of information contained in its data base in the two years preceding the date of Plaintiff's Complaint.

42. Experian has received information from third parties, including but not limited to the Federal Trade Commission ("FTC") or Central Source, regarding or related to the accuracy of information contained in its data base in the two years preceding the date of Plaintiff's Complaint.

43. Trans Union has received information from third parties, including but not limited to the Federal Trade Commission ("FTC") or Central Source, regarding or related to the accuracy of information contained in its data base in the two years preceding the date of Plaintiff's Complaint.

44. Defendants' conduct proximately caused Plaintiff's injuries, including but not limited to: harm to credit reputation; denial of credit; harm to her credit score; emotional distress; and out-of-pocket expenses.

45. At all times relevant hereto, Defendants were acting through their agents, servants and/or employees who were acting within the scope of their employment or agency, or both, and under the direct supervision of the Defendants.

46. At all times relevant hereto, Defendants' conduct was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the Plaintiff's rights.

**COUNT ONE – VIOLATION OF THE FAIR CREDIT REPORTING ACT (CRA DEFENDANTS)**

47. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

48. Equifax, Experian and Trans Union are liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act 15 U.S.C. §1681e, pursuant to 15 U.S.C. §§1681n and o.

49. The CRA defendants violated 15 USC §1681e(b) by failing to establish or follow reasonable procedures to assure the maximum accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

50. The CRA defendants' conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

51. The CRA defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

52. Wherefore, Plaintiff seeks judgment in her favor against three CRA defendants, based on the following relief requested:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive Damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

**COUNT TWO – VIOLATION OF THE FAIR CREDIT REPORTING ACT (CRA DEFENDANTS)**

53. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

54. Equifax, Experian and Trans Union are liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act 15 U.S.C. §1681i, pursuant to 15 U.S.C. §§1681n and o.

55. The CRA defendants violated 15 USC 1681i on multiple occasions by failing to: delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; conduct a lawful investigation; forward all relevant information to BOA; maintain reasonable procedures with which to filter and verify disputed information in the plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

56. The CRA defendants' conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

57. The CRA defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

58. Wherefore, Plaintiff seeks judgment in her favor against the CRA defendants, based on the following relief requested:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive Damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

**COUNT THREE - VIOLATION OF THE FAIR CREDIT REPORTING ACT (BOA)**

59. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

60. BOA is liable to Plaintiff for willfully and negligently failing to comply with 15 U.S.C. §1681s-2(b), pursuant to 15 U.S.C. §§1681n and o.

61. BOA violated the FCRA when it continued to publish the inaccurate information to the CRA defendants without also including a notation that the debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the inaccurate information; by failing to review all relevant information regarding same; by failing to accurately respond to the CRA defendants regarding the

inaccurate information; by failing to correctly report the results of an accurate investigation to the CRA defendants; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information to the CRAs.

62. After BOA received notification from the plaintiff about the disputed Account, BOA did not contact any third parties, other than the CRAs, when investigating Plaintiff's dispute.

63. BOA's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined more fully above. BOA is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

64. Wherefore, Plaintiff seeks judgment in her favor against BOA, based on the following relief requested:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive Damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

## JURY TRIAL DEMAND

65. Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Micah S. Adkins (ASB-8639-I48A)
**BURKE, HARVEY & FRANKOWSKI, LLC**
2151 Highland Avenue, Suite 120
Birmingham, AL 35205
Telephone: 205.930-9091
Facsimile: 205.930-9054
Email: madkins@bhflegal.com

**Please serve Complaint and Summons on Defendants by Certified Mail to**:

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

Trans Union, LLC
c/o Prentice Hall Corporation System, Inc.
150 South Perry Street
Montgomery, AL 36104

Bank of America, NA
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109